IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

| | | |
|---|---|---|
| HARLAN EDWARD BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No: <u>09-CV-2392 EFM/KMH</u> |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | TRIAL BY JURY DEMANDED |
| A Railroad Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Serve:
The Corporation Company, Inc.
515 S. Kansas Avenue
Topeka, KS 66603

## COMPLAINT

Harlan Edward Brown, Jr., Plaintiff, for his cause of action against Defendant

BNSF Railway Company, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C.

§ 56 and Title 28 U.S.C. § 1331.

2.    This action arises under, and the rights and liabilities of the parties to this

cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq.

(FELA).

3.    Plaintiff resides at 20 Chestnut Street, Reading, Lyon County, Kansas 66868.

4.    Defendant BNSF Railway Company is and was at all times relevant a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

5.    Defendant operates trains in the transportation of freight in and between the States of Kansas and Missouri and other states, and, at all relevant times mentioned, is and was engaged in business in Kansas City, Wyandotte County, Kansas.  Defendant's registered agent for service of process is:  The Corporation Company, Inc., 515 S. Kansas Avenue, Topeka, KS 66603.

### COUNT I (CUMULATIVE TRAUMA DISORDER)
### FEDERAL EMPLOYERS' LIABILITY ACT NEGLIGENCE

6.    From approximately 1987 until July 2007, Plaintiff was employed by and working for Defendant as a trackman/welder. Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and from approximately 1987 until July 2007, Plaintiff was employed by and engaged with Defendant in interstate commerce.

7.    From approximately 1987 until July 2007, while Plaintiff was engaged in interstate commerce with and working for Defendant as a trackman/welder at various locations, it became and was his duty to lift, carry and move heavy welding equipment, including grinding machines, as well as other heavy track tools and equipment, for long distances and, at times, across railroad tracks.  Plaintiff's duties also required him to manually line welds using ball and base ratchets, manually dig using shovel sticks,

2

manually remove spikes using claw bars, manually drive spikes using a spike maul or sledge hammer, manually remove and replace rail anchors, and other trackman duties. Plaintiff's duties further required him to operate vibrating grinding machines for prolonged periods of time.  As a direct result of Defendant requiring Plaintiff to perform the aforesaid work duties for continuous and prolonged periods of time, Plaintiff sustained severe, permanent, painful and disabling injuries hereinafter described.

8.    At all times material hereto, Defendant was under a duty to furnish and provide Plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

9.    Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of Defendant in one or more of the following respects, to-wit:

a)    it required Plaintiff to perform excessively heavy, manual duties and negligently failed to provide a sufficient work force for the assigned tasks;

b)    it required Plaintiff to operate grinding machines that vibrated for excessive periods of time;

c)    it failed to provide Plaintiff with mechanical equipment for loading and unloading heavy tools and equipment from the crew's welding truck;

d)    it required Plaintiff to lift, carry and move heavy welding equipment and other heavy tools and equipment for long distances from the crew's welding truck to the work site.

10.    Each of Defendant's above-described acts or omissions constitutes negligence.

11.    By reason of the foregoing acts or omissions, Defendant knew, or in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

12.    As a direct result of the foregoing negligent acts or omissions of Defendant, Plaintiff suffered trauma and injuries to both shoulders, with straining, tearing and displacement of the nerves, tendons and ligaments of the shoulders.  These injuries have required Plaintiff to undergo extensive medical treatment, including surgery to his right shoulder, and these injuries will in the future require Plaintiff to undergo medical treatment and possibly additional surgery.  Because of these injuries, Plaintiff's shoulders, arms and hands, and Plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff has suffered and will ever suffer severe physical pain and mental anguish.  Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

13.    On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) past and future ability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the defendant in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs

incurred in bringing this action; and for all other relief deemed just and proper by this Court in this Count I of his Complaint.

### COUNT II (INJURY OF ON OR ABOUT JULY 4, 2007)
### FEDERAL EMPLOYERS' LIABILITY ACT NEGLIGENCE

14.     Plaintiff hereby incorporates paragraphs 1 through 13 the same as if they were fully set forth herein.

15.     In July 2007, and for a long time prior thereto, Plaintiff was employed by and working for Defendant as a trackman/welder.  Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on or about July 4, 2007, plaintiff was employed by and engaged with the defendant in interstate commerce.

16.     On or about July 4, 2007, while plaintiff was engaged in interstate commerce with and working for Defendant as a welder at Merrick, Kansas, it became and was his duty to load a large profile grinder, with the assistance of a co-worker, onto the bed of the crew's welding truck.  As Plaintiff was so engaged in the course and scope of his employment with Defendant, the aforesaid co-employee yanked up on his end of the profile grinder, causing all the pressure and weight of the said grinder to be put on Plaintiff's right shoulder.  as a direct result thereof, plaintiff sustained permanent, painful, disabling and disfiguring injuries hereinafter described.

17.     At all times material hereto, Defendant was under a duty to furnish and provide Plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

18.    Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of Defendant in one or more of the following respects, to-wit:

a)    it required Plaintiff to perform excessively heavy, manual duties and negligently failed to provide a sufficient work force for the assigned tasks;

b)    it failed to provide Plaintiff with mechanical equipment for loading and unloading heavy tools and equipment, including the subject profile grinder, into and from the crew's welding truck;

c)    it failed to promulgate and enforce reasonable safety rules, customs, policies, practices and procedures for the loading and unloading of heavy tools and equipment, including the subject profile grinder, from the crew's welding truck;

d)    it failed to provide its employees with reasonably adequate instruction, education, training and guidance in safety rules, customs, policies, practices and procedures for the loading and unloading of heavy tools and equipment, including the subject profile grinder, into and from the crew's welding truck;

19.    Each of Defendant's above-described acts or omissions constitutes negligence.

20.    By reason of the foregoing acts or omissions, Defendant knew, or in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

21.     As a direct result of the foregoing negligent acts or omissions of Defendant, Plaintiff suffered trauma and injuries to his right shoulder, with straining, tearing and displacement of the nerves, tendons and ligaments of the right shoulder.  These injuries have required Plaintiff to undergo extensive medical treatment, including surgery to his right shoulder, and these injuries will in the future require Plaintiff to undergo medical treatment and possible additional surgery.  The injuries to Plaintiff's right shoulder have caused him to put excessive stress and strain on his left shoulder, causing injury and pain to his left shoulder.   Because of these injuries, Plaintiff's shoulders, arms and hands, and Plaintiff's general health and strength have been permanently weakened, diminished and impaired.  Plaintiff has suffered and will ever suffer severe physical pain and mental anguish.  Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

22.     On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) past and future ability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the defendant in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court in this Count II of his Complaint.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38, the Plaintiff HARLAN EDWARD BROWN, JR. demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Pursuant to U. S. District Court, District of Kansas Local Rule 40.2, Plaintiff HARLAN EDWARD BROWN, JR. designates Kansas City, Kansas as the place for trial.

Respectfully submitted

 s/ Kenneth E. Barnes
Kenneth E. Barnes, KS Bar No. 19381
T. K. Smith, KS Bar No. 78002
THE BARNES LAW FIRM, LLC
1100 Main Street, Suite 2300
Kansas City, MO 64105-5187
Telephone:   816.221.4321
Fax:         816.471.4321
Email:       kbarnes@law4321.com

Attorneys for Plaintiff Harlan Edward Brown, Jr.